HALL, Chief Judge.
Defendant, Donna Foster (now Mrs. Frith, but referred to in this opinion as Ms. Foster), was charged by bill of information with possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966, conspiracy to possess marijuana in violation of LSA-R.S. 14:26 and 40:966, and possession of methamphetamine with intent to distribute in violation of LSA-R.S. 40:967. Defendant sought to suppress certain evidence to be used against her at trial, including drugs and drug paraphernalia seized from an automobile in which she was a passenger at the time of her arrest. The trial court denied the motion and defendant sought review of that decision by supervisory writ. Her writ application was granted and docketed for argument, but we now recall the writ.
Defendant was a passenger in a 1977 Ford LTD when the vehicle was stopped on May 15, 1989, by a Ouachita Parish Sheriff’s deputy. Defendant was seated in the front seat of the vehicle between Derrick Pipes, the driver, and Mark Leehy, another passenger. Deputy Mike Rowlan stopped the vehicle at 11:30 a.m. after observing *1054 the vehicle erratically slow down, speed up and veer onto the right shoulder of the road. Deputy Rowlan signaled for the car to stop with his emergency lights, as he wanted to determine if the driver was “intoxicated or having driving problems.” The car did not stop immediately, but instead was driven into the parking lot of an automobile dealership before coming to a halt in a parking space on the lot. Derrick Pipes . alighted from the vehicle and presented the deputy with an Arkansas driver’s license which appeared valid on its face. The deputy radioed headquarters to determine if the license was valid, if Mr. Pipes had any outstanding warrants, and to determine whether the car had been stolen.
Deputy Rowlan was satisfied that Mr. Pipes was not intoxicated but was awaiting a response concerning the requested information when he proceeded to the passenger's side of the vehicle and requested the identification of both passengers. He intended to check on outstanding warrants for both of them. The defendant produced a valid driver’s license and Mr. Leehy presented a ticket stub from the Caldwell Parish Sheriff’s Office. Deputy Rowlan asked Mr. Leehy to step out of the vehicle for purposes of further identification due to the fact that the ticket stub only listed the name of Mr. Leehy without a picture or other information. As Mr. Leehy exited the vehicle, defendant shifted her weight such that the officer was able to observe two bags of vegetable material, which appeared to be and was later determined to be marijuana, between defendant’s legs in plain view. Deputy Rowlan then ordered defendant out of the car and placed all three suspects under arrest. Subsequent searches of the car and the suspects revealed all of the evidence which defendant seeks to suppress. Evidence seized included four large bags of marijuana, two small bags of methamphetamine, two glass bottles of methamphetamine, syringes, a scale measured in grams, a .25 caliber automatic pistol, a cigarette rolling machine, and rolling papers.
The prosecution seeks to overcome the motion to suppress with the assertion that the evidence was seized pursuant to the “plain view doctrine.” The “plain view doctrine” renders the warrantless search and seizure of evidence reasonable where: (1) the officer had an overriding prior justification to be in the otherwise protected area from which he observed the evidence; (2) he discovers the evidence inadvertently; and (3) the officer has probable cause to believe that the object observed is evidence or contraband. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); State v. Williams, 366 So.2d 1369 (La.1978); State v. Harris, 504 So.2d 156 (La.App. 2d Cir.1987).
Defendant contends that the doctrine is inapplicable because the officer would not have seen the contraband had he not unlawfully ordered Mr. Leehy out of the vehicle, citing State v. Williams, supra. With this argument, defendant contends that the first requirement of the plain view doctrine is not satisfied in this case because the officer did not have “a legitimate reason for being present in the precise location where he made the observation.” Coolidge v. New Hampshire, supra.
In the Williams case, the Louisiana Supreme Court ruled that the doctrine espoused in Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), i.e. that police may order the driver out of a vehicle for safety reasons, does not apply to passengers of automobiles. The court held there “is no legitimate support in Louisiana for a rule that would permit police to remove a passenger from an automobile on a routine traffic stop.” Thus, the plain view doctrine did not justify the warrantless seizure of a weapon observed on the floor of an automobile stopped for a routine traffic violation (in Williams, driving without taillights) because the weapon would not have been discovered without the improper ordering of the passenger from the vehicle.
In this case, the officer went to the passenger side of the vehicle only to request the identification of the passengers, while awaiting the response on the status *1055 of the driver’s license and vehicle ownership. The stopping of the vehicle did not amount to a “seizure” or detention of the passengers within the meaning of the Fourth Amendment of the United States Constitution or Louisiana Constitution Article 1, § 5. To the contrary, our Supreme Court ruled in Williams that by stopping a vehicle for a traffic violation the driver is detained but a passenger may walk away unless the officer has some other legitimate reason to detain him. Williams, 366 So.2d at page 1374.
In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer approached three individuals on the street and asked their names, after identifying himself as a police officer. The court assumed that at this point no seizure had occurred for purposes of the Fourth Amendment. Likewise, in U.S. v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), the plurality opinion held that no seizure occurred when D.E.A. agents stopped the defendant in an airport, asked for identification, and further asked the defendant to accompany them to their office. In State v. Ray, 471 So.2d 831 (La.App. 2d Cir.1985), citing State v. Neyrey, 383 So.2d 1222 (La.1979), we said that officers do not need probable cause or reasonable cause to detain in order to initiate contact or converse with citizens.
Since Mr. Leehy was not seized at any point prior to being asked for identification, he was perfectly free to ignore Officer Rowlan’s request for identification. Instead, Mr. Leehy and the defendant voluntarily submitted to the officer’s request. It was not unreasonable for Officer Rowlan to approach Mr. Leehy and the defendant merely to ask for identification, even though Officer Rowlan did not suspect them of criminal activity at this point. Such action did not amount to an unreasonable seizure or invasion of privacy. The holding of the Williams case would, of course, have prevented Officer Rowlan from ordering Mr. Leehy out of the vehicle at this point, but the Williams doctrine need not be extended such that an officer is prohibited from asking a passenger in a vehicle for identification.
Even though Mr. Leehy and the defendant voluntarily provided the officer with identification, Mr. Leehy was only able to produce a ticket stub from the Caldwell Parish Sheriff’s Office. The stub contained only his name; no physical characteristics were provided. Officer Rowlan then had reasonable cause for further inquiry sufficient to ask Mr. Leehy to get out of the car, which Leehy did without objection. The ticket stub indicated that Mr. Leehy had a recent encounter with law enforcement officials. It was reasonable for the officer to pursue any outstanding problems in regard to that encounter and to further identify Mr. Leehy. Unlike the defendant in Williams, Mr. Leehy was not ordered from the vehicle merely because the vehicle had been stopped for a traffic violation. He was removed from the vehicle only after failing to produce usual identification and producing a ticket stub from a previous violation. The officer was reasonable in pursuing an investigation of the matter. Thus, Officer Rowlan was legitimately where he had a right to be as Mr. Leehy exited the vehicle.
It was at this point that defendant turned in her seat and the officer was able to observe the contraband in plain view. The officer did not order the defendant from the car. The discovery of the contraband was inadvertent in that it was seen merely because defendant chose to shift her weight such that the controlled dangerous substance was exposed.
Officer Rowlan immediately suspected the substance to be marijuana. At this point, he had probable cause to believe that a crime was being committed. Defendant was legitimately ordered to get out of the vehicle, all suspects were placed under arrest, and they and the automobile were searched pursuant to the arrest and for probable cause.
In conclusion, we find that the officer observed the contraband from a place where he was validly entitled to be, the discovery of the contraband was inadvertent, and it was apparent to the officer that the object observed was contraband. The *1056 conduct of the officer was not the type of overreaching unreasonable behavior prohibited by the Fourth Amendment or Louisiana Constitution Art. 1, § 5. Therefore, the defendant’s motion to suppress was correctly denied and the writ is recalled.
Writ and stay order recalled.